HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KRISTENSONS-PETROLEUM, INC.,

        Plaintiff,

    v.

SPIRIT OF OCEANUS LTD.,

        Defendant.

CASE NO. C12-919RAJ

ORDER

This matter comes before the motion of Plaintiff Kristensons-Petroleum, Inc. ("KPI") for a quasi-in-rem default judgment and on order directing Columbia State Bank to disburse $550,000 in attached funds to KPI. For the reasons stated herein, the court GRANTS the motion (Dkt. # 20), directs the clerk to issue a quasi-in-rem judgment in favor of KPI, and to TERMINATE this action.

On May 30, 2012, the court ordered the clerk to issue a writ of attachment and garnishment on Columbia State Bank attaching $550,000 in funds belonging to Defendant Spirit of Oceanus Ltd. ("Oceanus"). The court issued the writ in accordance with Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"). The May 30 order explains the facts that authorized the writ, and the court does not repeat that explanation here.

Since the Marshal served the writ, Columbia State Bank has held the attached funds, and KPI has attempted diligently to provide notice of this action to Oceanus. Oceanus was at one time a Bahamian company, but KPI has provided evidence that The

ORDER – 1

1   Commonwealth of The Bahamas no longer recognizes Oceanus as a company.  KPI sent

2   notice of this action to Oceanus's last Bahamian address, without success.  It also located

3   a former director of Oceanus in Seattle, and served him with summons, the complaint,

4   and the writ of attachment and garnishment.  No one has stepped forward to assert the

5   interests of Oceanus.

6          Rule B governs a process wherein a plaintiff bringing an in personam action

7   against a defendant can use a writ of attachment to obtain a species of personal

8   jurisdiction typically referred to as quasi-in-rem jurisdiction.  *See*, *e.g.*, *Teyseer Cement*

9   *Co. v. Halla Mar. Corp.*, 794 F.2d 472, 476 (9th Cir. 1986); *J. Lauritzen A/S v.*

10  *Dashwood Shipping*, 65 F.3d 139, 141 (9th Cir. 1995).  Rule B attachment of a

11  defendant's property within a judicial district is available even when the defendant is not

12  subject to personal jurisdiction.  *Teyseer Cement*, 794 F.2d at 476 & n.5.  Because the

13  court's jurisdiction derives from the attached property, any judgment it enters (absent

14  another basis to assert personal jurisdiction) is a quasi-in-rem judgment, limited to the

15  value of the attached property.  *Id.* at 477; *see also East Asiatic Co. v. Indomar, Ltd.*, 422

16  F. Supp. 1335, 1341-42 (S.D.N.Y. 1976) (explaining limits of a quasi-in-rem default

17  judgment) (cited in *Teyseer Cement*, 794 F.2d at 477); *Stevedoring Servs. v. Ancora*

18  *Transp., N.V.*, 59 F.3d 879, 883 (9th Cir. 1995) (acknowledging criticism of Rule B

19  attachments, which "allow maritime plaintiffs to reach *res* owners with license far

20  broader than civil procedure allows").

21         Typically, a party cannot seek a default judgment without first moving for the

22  entry of default.  Here, however, Rule B governs, and it lists its own prerequisites to

23  default judgment:

24         (2)    Notice to Defendant. No default judgment may be entered except
              upon proof—which may be by affidavit—that:
25
26                (a)    the complaint, summons, and process of attachment or
                        garnishment have been served on the defendant in a manner
27                      authorized by Rule 4;

28  ORDER – 2

(b)    the plaintiff or the garnishee has mailed to the defendant the complaint, summons, and process of attachment or garnishment, using any form of mail requiring a return receipt; or

(c)    the plaintiff or the garnishee has tried diligently to give notice of the action to the defendant but could not do so.

Rule B(2). Rule B, in other words, makes the demonstration of facts typically prerequisite to the entry of default a prerequisite to the entry of default judgment. The court finds no need to require a separate entry of default. The court finds that KPI has satisfied the requirements of Rule B(2)(c) by diligently attempting to give notice of this action to Oceanus.

KPI's verified complaint, buttressed by a recent declaration from a KPI employee, demonstrates that Oceanus's contractual liability to KPI exceeds the $550,000 that is subject to the writ of attachment and garnishment. The verified complaint also establishes that the underlying contracts are maritime contracts, bringing this action within the scope of the court's admiralty jurisdiction.

For the foregoing reasons, the court orders as follows:

1) The court GRANTS KPI's motion for a quasi-in-rem default judgment. The clerk shall enter a quasi-in-rem judgment in KPI's favor for $550,000.

2) The court orders Columbia State Bank (located in Tacoma at the address listed in the writ of attachment and garnishment) to pay the $550,000 subject to the writ of attachment to KPI.

3) KPI shall send this order, along with a cover letter that includes payment instructions, by certified mail to Columbia State Bank.

DATED this 26th day of March, 2013.

_Richard A Jones_

The Honorable Richard A. Jones
United States District Court Judge

ORDER – 3